

# IN THE DISTRICT COURT OF GARFIELD COUNTY
## STATE OF OKLHOMA

| | |
|---|---|
| KYLE GULLEY, *as Next of Kin and on behalf of the Estate of* MELISSA BOWMAN<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN WIND TRANSPORT GROUP, LLC, *a Pennsylvania Limited Liability Company*, LARRY BELLAH, *an individual*, and DOES 1-10<br><br>Defendants. | FILED<br>GARFIELD COUNTY, OKLA<br>AUG 2 6 2022<br>JANELLE M. SHARP<br>COURT CLERK<br>BY_____<br>DEPUTY COURT CLERK<br><br>Case No.: CJ-2022-211-01 |

## PETITION

COMES NOW, Plaintiff, Kyle Gulley as Next of Kin and on behalf of the Estate of Melissa Bowman ("Plaintiff"), and for his cause of action against Defendants, American Wind Transport Group LLC, a Pennsylvania Limited Liability Company ("Defendant American Wind"), Larry Bellah ("Defendant Bellah") and Does 1-10 (collectively "Defendants"), alleges and states as follows:

### PARTIES AND JURISDICTION

1. This case arises out of a tractor-trailer and automobile collision that occurred on or about August 26, 2020, at or near East US Highway 412 and 42nd Street in Enid, Garfield County, Oklahoma.

2. Plaintiff Kyle Gulley is a resident of Indianapolis, Indiana and is the natural son of Melissa Bowman, who is now deceased, and resided in Rogers County Oklahoma at the time of her death.

3. Upon information and belief, Defendant American Wind is a Limited Liability Company duly licensed by the State of Pennsylvania, no. 4009794, with its principal place of business at 100 Industry Dr., Pittsburgh, PA 15275 and its members are residents of Pennsylvania.

4. Upon information and belief, Defendant Bellah is and at all relevant times mentioned herein was a resident of Jefferson County, Missouri.

5. Defendants DOES 1-10 are each responsible in some manner for the injuries and damages to Plaintiff alleged herein. The true names and capacities of said defendants are presently unknown to Plaintiff. Plaintiff is informed and believes and thereon alleges, that each of them is responsible in some manner for the injuries and damages complained of herein. Plaintiff will amend this petition to add their true names and capacities when the same have been ascertained.

6. Upon information and belief, at all times relevant hereto, Defendant Bellah was an employee and/or agent of Defendant American Wind and was acting within the course and scope of his employment/agency with Defendant American Wind.

7. Venue is proper in Garfield County as the collision occurred in Garfield County.

## FACTS APPLICABLE TO ALL COUNTS

8. On or about August 26, 2020, Melissa Bowman was traveling westbound on US Highway 412 in a 2000 Ford Windstar when she stopped at a railroad crossing to ensure safety before crossing.

9. Defendant Bellah was traveling westbound on US Highway 412 behind Melissa Bowman in a 2014 Freightliner tractor-trailer owned and operated by Defendant American Wind.

10. Based upon information a belief, Defendant Bellah was within the scope and course of his employment with Defendant American Wind.

11. Defendant Bellah collided his tractor-trailer into the rear of the vehicle being operated by Melissa Bowman.

12. Defendant Bellah was traveling at a speed in excess of that which was reasonable and proper under the circumstances that then and there existed.

13. Defendant Bellah filed to keep a proper lookout.

14. Defendant Bellah failed to keep the tractor-trailer under reasonable control.

15. As a direct and proximate result of the collision, Plaintiff sustained personal injuries.

16. Defendants actions and omissions proximately and directly caused the injuries to Plaintiff.

## COUNT ONE

### NEGLIGENCE AND NEGLIGENCE *PER SE* OF DEFENDANT BELLAH

Plaintiff adopts and incorporates by reference the allegations contained in the paragraphs above and further alleges and states as follows:

17. On August 26, 2020, Defendant Bellah was negligent in the operation of his tractor-trailer.

18. Defendant Bellah was negligent *per se* in violating Oklahoma vehicle and traffic laws and regulations.

19. Defendant Bellah's violation of Oklahoma vehicle and traffic laws and regulations proximately and directly caused the injuries suffered by Plaintiff.

20. The foregoing acts and/or omissions of Defendant Bellah, whether singularly or in combination, were the direct and proximate cause of the damages sustained by Plaintiff. These damages include, but are not limited to, all allowable damages permitted under the law.

## COUNT TWO

## NEGLIGENCE AND NEGLIGENCE *PER SE* OF DEFENDANT AMERICAN WIND

Plaintiff adopts and incorporates by reference the allegations contained in the paragraphs above and further alleges and states as follows:

21. At the time of the collision, Defendant Bellah was acting either in the course and scope of his employment with Defendant American Wind, or as an agent of or on behalf of Defendant American Wind.

22. Defendant American Wind is vicariously liable for the negligence of Defendant Bellah by virtue of the doctrine of *respondeat superior*.

23. Defendant American Wind is liable for negligently entrusting the tractor-trailer to Defendant Bellah.

24. Defendant American Wind was negligent *per se* in negligently entrusting the tractor-trailer to Defendant Bellah pursuant to 47 O.S. § 6-307.

25. The collision and the manner in which it occurred was reasonably foreseeable to Defendant American Wind, which had actual and/or constructive knowledge that violating the Oklahoma Rules of the Road could result in harm to other motorists.

26. The foregoing acts and/or omissions of Defendant American Wind, whether singularly or in combination, were the direct and proximate cause of the damage sustained by Plaintiff. These damages include, but are not limited to, all allowable damages permitted under the law.

## DAMAGES

27. The foregoing acts and/or omissions of Defendants, whether singularly or in combination, were the direct and proximate cause of the damage sustained by Plaintiff. These

damages include, but are not limited to, all allowable damages permitted under the law including but not limited to the following:

1. Medical expenses past and future;
2. Lost wages, past and future;
3. Loss of earning capacity;
4. Permanent impairment;
5. Pain, suffering, and mental anguish,

28.  As a direct and proximate result of Defendants' conduct, Plaintiffs' decedent suffered physical injuries resulting in her death. Prior to her death, Melissa suffered extreme anxiety, fear, pain and suffering, and her estate is therefore entitled to recover compensatory damages as a result of the anxiety, fear, pain and suffering prior to her death in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendants for an amount which is fair and reasonable in excess of $75,000.00, attorney's fees and costs, and interest herein incurred and expended, and for such other and further relief as the Court deems just and proper.

                                                Respectfully Submitted,

                                                /s/ Caleb M. Redman

**ATTORNEY'S LIEN CLAIMED**      Caleb M. Redman, OBA #22695
Greg S. Keogh, OBA #33933
**JURY TRIAL DEMANDED**      PARRISH DEVAUGHN, PLLC
7 Mickey Mantle, Second Floor
Oklahoma City, OK 73104
405-444-4444
405-232-0058 (f)
Caleb@parrishdevaughn.com

-and-

Joseph Farzam
Pending Pro Hae Vice Admission
Farzam Law Firm
11766 Wilshire Boulevard,
Suite 280
Los Angeles, CA 90025
(310) 226-6890
Joseph@Farzamlaw.com

*Attorneys for Plaintiff*