IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KYLE GULLEY, as next of kin and on behalf of the Estate of Melissa Bowman,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN WIND TRANSPORT GROUP, LLC, a Pennsylvania Limited Liability Company; and LARRY BELLAH, an individual,<br><br>Defendants. | Case No. CIV-22-01005-JD |

**ORDER**

Before the Court is Defendants American Wind Transport Group, LLC and Larry Bellah's (collectively "Defendants") Motion for Sanctions ("Motion") [Doc. No. 49]. Plaintiff Kyle Gulley ("Plaintiff") filed a response in opposition ("Response") [Doc. No. 50], and Defendants filed a reply ("Reply") [Doc. No. 51]. Because the Court finds dismissal without prejudice is an appropriate sanction pursuant to Federal Rule of Civil Procedure 37(b)(2), the Court grants in part and denies in part Defendants' Motion.

**I.   BACKGROUND**

This case originated in state court, which Defendants removed to this Court. [Doc. No. 1]. Plaintiff filed this action on behalf of the Estate of Melissa Bowman ("Bowman"), who allegedly sustained injuries in a collision that is the basis for this case. [Doc. No. 1-1 ¶¶ 1–2, 15]. Bowman is now deceased. [*Id.* ¶ 2; *see also* Doc. No. 49 ¶ 6]. Before Plaintiff filed this case, he initiated a prior lawsuit in this Court. *Gulley v.*

*Am. Wind Transp. Group, et al.*, Case No. 5:22-cv-00727-JD. Plaintiff voluntarily dismissed that case in response to an Order to Show Cause why the Court should not dismiss the case for lack of subject matter jurisdiction. Order to Show Cause, Notice of Voluntary Dismissal, *Gulley v. Am. Wind Transp. Group, et al.*, Case No. 5:22-cv-00727-JD.

On February 15, 2023, Defendants issued their first discovery requests to Plaintiff. [Doc. No. 49 ¶ 9]. On March 17, 2023, Plaintiff responded to those requests. [*Id.* ¶ 10]. Defendant American Wind requested supplementation of Plaintiff's responses on April 6, 2023. [*Id.*]. Plaintiff provided amended responses. [*Id.* ¶ 11]. Over the following months, Defendants made ongoing requests for Plaintiff to supplement his responses, most of which pertained to medical bills and records of Bowman that Defendants could not obtain without authorization from Bowman's estate. [*Id.* ¶¶ 11–13].

On September 11, 2023, Defendants filed a Motion to Compel, requesting answers and supplemental responses to Interrogatory 14 and Requests for Production 10, 17–19, 21, 24–26, and 29. [Doc. No. 27 at 1]; *see also* Fed. R. Civ. P. 37(a)(3). The Court ordered the parties to confer [Doc. No. 28], and during the parties' conference, Plaintiff's counsel indicated he could not produce medical records because neither an estate nor a legal representative for the estate existed. [Doc. No. 49 ¶ 13]. Thus, Plaintiff's counsel could not obtain medical records without a legal representative of the estate to sign an authorization. [*See id.* ¶¶ 12–13]. On October 5, 2023, Defendants filed a Motion to Stay. [Doc. No. 36]. Defendants requested a stay to allow Bowman's estate to be formed and a

representative appointed so that an authorization of medical records could be provided to Defendants to allow Defendants to obtain Bowman's medical records. [*Id.* ¶ 4].

On December 19, 2023, the Court held a Telephonic Status Conference. [Doc. No. 45]. Counsel for Plaintiff and Defendants were present. [*Id.* at 1]. The Court granted Defendants' Motion to Compel, struck the scheduling order, granted Defendants' Motion to Stay for ninety days from the date of the conference, and struck Defendants' previously filed Motions for Summary Judgment and to Exclude or Limit Testimony. [*Id.*]. The Court stayed the case until March 18, 2024, and granted Plaintiff until April 2, 2024, to comply with the Court's Order granting Defendants' Motion to Compel.[1] [*Id.*]. The Court specifically instructed that if Plaintiff did not comply with the Court's Order by April 2, 2024, the Court would "entertain a motion for sanctions to include dismissal of this action, which may operate as a dismissal with prejudice given this is a refiling." [*Id.*]. The Court further instructed "it is not inclined to extend the stay or provide more time for compliance with this order granting the motion to compel." [*Id.*].

On April 12, 2024, Defendants filed the Motion for Sanctions, indicating Plaintiff has not supplemented or responded to Interrogatory 14 or to Requests for Production 10, 17–19, 21, 24–26, and 29 and has not produced Bowman's medical bills or records. [Doc.

---

[1] Hereafter, the Court will refer to the Court's order granting Defendants' Motion to Compel as "the Court's Order."

3

No. 49 ¶¶ 17, 24]. Defendants request that the Court dismiss Plaintiff's claims as a sanction for Plaintiff's failure to comply with the Court's Order. [*Id.* at 7–14].[2]

In response, Plaintiff's counsel filed a Declaration of Michael P. Green Re: Status and Motion for Sanctions. [Doc. No. 50]. The Response states that, during the stay, Plaintiff's counsel found a representative for Bowman's estate, who initiated probate. [*Id.* ¶ 5]. He also stated that he has contacted Defendants' counsel unsuccessfully regarding meeting and conferring about the case and getting the authorization from them to obtain Bowman's medical bills and records. [*Id.*]. The Response does not address Defendants' substantive arguments regarding if sanctions are appropriate, other than to state Plaintiff's counsel has made every attempt to comply with the Court's Order. [*Id.* ¶ 8]. Besides Defendants' counsel's alleged failure to respond to Plaintiff's counsel's inquiries, the only explanation proffered for Plaintiff's failure to timely comply with the Court's Order is "the Bowman Family dynamic is what it is." [*Id.*].

## II.  **LEGAL STANDARDS**

Federal Rule of Civil Procedure 37(b)(2)(A) outlines sanctions courts may impose for a party's failure "to obey an order to provide or permit discovery[.]" One of the

---

[2] Defendants' Motion does not specify if they are requesting a dismissal with or without prejudice. [*See, e.g.*, Doc. No. 49 at 7 (stating "Defendants submit that dismissal is the most appropriate solution"); *id.* at 15 (requesting that the Court "enter an order dismissing this action")]. Defendants' Motion does, however, contain substantive discussion of the factors outlined in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). Because those factors apply to determine if dismissal with prejudice is appropriate, the Court analyzes Defendants' request as one for dismissal with prejudice. Additionally, Defendants state in the Reply that they seek dismissal with prejudice. [Doc. No. 51 at 1 (stating "Defendants moved for sanctions in the form of dismissal with prejudice against re-filing.")].

4

possible sanctions the Court can award is "dismissing the action or proceeding in whole or in part[.]" Fed. R. Civ. P. 37(b)(2)(A)(v).

"A district court has inherent equitable powers to impose the sanction of dismissal with prejudice because of abusive litigation practices during discovery." *Garcia v. Berkshire Life Ins. Co. of Am.*, 569 F.3d 1174, 1179 (10th Cir. 2009). Because dismissal with prejudice is a harsh sanction, the Court must find the discovery violation is due to "'willfulness, bad faith, or [some] fault of petitioner' rather than inability to comply." *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640 (1976) (per curiam)). The Tenth Circuit balances the following five factors when determining whether dismissal with prejudice is an appropriate sanction for discovery abuse: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). The Tenth Circuit has advised that the "'first three factors, which analyze the wrongdoing and its effects, inform the decision to apply any sanction,' and the last two aid the court in deciding which sanction to impose." *Drevaleva v. U.S. Dep't of Veterans Affs.*, No. 21-2139, 2022 WL 2662081, at *4 (10th Cir. July 11, 2022) (unpublished) (quoting *King v. Fleming*, 899 F.3d 1140, 1150 n.15 (10th Cir. 2018)).

"The imposition of the sanction of dismissal is reviewed under an abuse of discretion standard." *Archibeque*, 70 F.3d at 1174. The balancing of the above factors is

not a "rigid test," and accordingly, the district court is in the best position to determine the appropriate discovery sanction based upon the specific facts before it. *Id.*

### III. <u>ANALYSIS</u>

The Court balances the *Ehrenhaus* factors to determine if it should dismiss Plaintiff's claims with prejudice. 965 F.2d at 921. As indicated by the Tenth Circuit, the Court considers the first three factors to determine if it should sanction Plaintiff and the last two factors to determine which sanction is appropriate. *Drevaleva*, 2022 WL 2662081, at *4.

**A. The delay in this case has prejudiced Defendants.**

Turning to the first factor, the degree of actual prejudice to the defendant, the Court finds this factor favors sanctioning Plaintiff. Plaintiff's lack of compliance prejudiced Defendants by delaying the case, by preventing Defendants from preparing their defense, and by causing Defendants to incur unnecessary expenses.

Plaintiff's lack of compliance with Defendants' discovery requests had already delayed this case before the Court's December 19, 2023, decision on Defendants' discovery motions. The Court originally scheduled discovery in this case to close on December 7, 2023, and trial to occur during April 2024. [Doc. No. 23 at 2]. As of December 19, 2023, discovery was incomplete due to Plaintiff's failure to respond and supplement his discovery responses. [*See* Doc. Nos. 27, 45]. Because discovery was unable to move forward without a legal representative of Bowman's estate, the Court stayed the case until March 18, 2024, and ordered the parties to propose a new scheduling

order by April 9, 2024, thus further delaying the deadlines in this case. [Doc. No. 45 at 1].

Plaintiff's medical records are essential to Defendants' defense, and the case has been unable to move forward without them, thus warranting a stay. As Defendants have asserted (and Plaintiff has not disagreed), the case hinges on Bowman's medical records because her preexisting conditions and the cause of her injuries are directly at issue. [Doc. No. 49 at 9–10]. Accordingly, Plaintiff's lack of cooperation with discovery has completely prevented Defendants from preparing their defense. [*See id.* at 10].

Plaintiff's failure to answer and supplement his discovery responses has also caused Defendants to spend significant time and incur unnecessary expenses. In addition to the time spent by Defendants seeking to force Plaintiff to answer their discovery requests [*see* Doc. Nos. 27 (Motion to Compel) and 36 (Motion to Stay)], Defendants had to file other motions to comply with the original scheduling order, despite the fact Defendants lacked key information to prepare their defense. [*See* Doc. Nos. 43 (Motion for Summary Judgment) and 44 (Motion to Exclude)].

For these reasons, the Court finds that the delay in this case has prejudiced Defendants, which favors sanctioning Plaintiff. *See Ellis-Hall Consultants, LLC v. Hofmann*, Nos. 20-4040, 20-4041, 20-4045, 2022 WL 3972093, at *4 (10th Cir. Sept. 1, 2022) (unpublished) (recognizing that "increased costs and delays are valid reasons to find actual prejudice") (citing cases).

### B. Plaintiff's non-compliance has interfered with the judicial process.

The second factor, interference with the judicial process, also favors sanctions. Plaintiff's failure to respond and supplement his discovery responses has already produced substantial delay and interrupted the prosecution of this case. Plaintiff's discovery responses have been the subject of a motion to compel [Doc. No. 27], a motion to stay [Doc. No. 36], and a proceeding related to both [Doc. No. 45]. *See Ellis-Hall Consultants, LLC*, 2022 WL 3972093, at *5 (affirming district court's finding of interference with the judicial process, in part, due to "unnecessary discovery motions"). The resultant stay caused the Court to strike its original scheduling order to allow Plaintiff more time to secure a personal representative for Bowman's estate to obtain authorization for her medical bills and records. *See id.* (affirming district court's finding of interference with the judicial process based upon plaintiffs' conduct that "effectively destroyed" the court's scheduling order). Before the Court conducted the proceeding addressing Plaintiff's discovery issues, many of the critical deadlines had passed. [*See* Doc. No. 23]. Accordingly, the Court finds Plaintiff's failure to respond and supplement his discovery responses has substantially interfered with the prosecution of this case, which favors sanctions.

### C. Plaintiff's own conduct has delayed this case.

The third factor, the culpability of the litigant, also favors sanctions. This factor requires "willfulness, bad faith, or [some] fault of petitioner rather than inability to comply." *Archibeque*, 70 F.3d at 1174 (internal quotation marks omitted). The delay in

this case hinges upon access to Bowman's medical records, which in turn hinges upon the appointment of a representative of Bowman's estate.

As a threshold matter, Plaintiff contends in the Response that he has complied with the Court's Order by securing an executor for Bowman's estate. [Doc. No. 50 ¶ 8]. The Court cannot agree. The Court granted Defendants' Motion to Compel, which requested an Order compelling adequate answers and responses to Interrogatory 14 and Requests for Production 10, 17–19, 21, 24–26, and 29. [*See* Doc. No. 27 at 1]. Accordingly, securing an executor of Bowman's estate did not satisfy the Court's Order. The Court's Order required Plaintiff to answer and supplement his answers and responses to the above discovery requests, which indisputably he has not achieved.

Having established Plaintiff has not complied with the Court's Order, the Court turns to *why* Plaintiff has not complied and whether it amounts to willfulness, bad faith, or fault of Plaintiff, rather than an inability to comply. *See Archibeque*, 70 F.3d at 1174.

The record does demonstrate some effort on Plaintiff's behalf to contact Defendants regarding obtaining the authorization form to release Bowman's medical bills and records. Plaintiff's counsel states in a sworn declaration that he contacted defense counsel via email on March 22, 2024, and via telephone two times afterwards. [Doc. No. 50 ¶ 5]. Defendants dispute that Plaintiff's counsel contacted them via telephone. [Doc. No. 49 ¶ 22]. Defendants state that they did find a March 22, 2024, email from Plaintiff's counsel that the firm's software had blocked from Defendants' counsel's view. [*Id.* ¶ 23]. However, Plaintiff has not alleged that the only way to access the necessary authorization

9

form was to obtain it from Defendants.[3] Accordingly, the Court does not find Plaintiff was unable to comply with the Court's Order.

Besides Defendants' lack of response to Plaintiff, the only other reason cited by Plaintiff for his noncompliance with the Court's Order is "the Bowman Family dynamic" prevented the appointment of an executor at an earlier date. [Doc. No. 50 ¶ 8]. The deadline for Plaintiff to comply with the Court's Order was April 2, 2024, which gave Plaintiff 105 days to comply. [Doc. No. 45 at 1]. Plaintiff could have secured a legal representative before the filing of this lawsuit but chose to wait until discovery was underway. Plaintiff has cited no circumstance besides his own fault that delayed the appointment of a legal representative.[4]

Absent any reason explaining Plaintiff's lack of compliance other than Plaintiff's own fault, the Court cannot disregard Plaintiff's willful disregard of the Court's Order. Accordingly, the Court finds this factor favors sanctions.

---

[3] Defendants assert Plaintiff has the authorization in his possession. [Doc. No. 51 ¶ 2].

[4] Moreover, even after a representative was apparently appointed, Plaintiff took no action to substitute the correct representative and has not filed anything in the intervening time while this case has remained pending on the Court's docket. While Plaintiff argues he remained ready to execute the authorization and was waiting on Defendants, such an argument tries to flip responsibility to Defendants when it was Plaintiff who was compelled to comply with the Court's Order granting Defendants' Motion to Compel. [*See* Doc. No. 45 at 1].

10

### D. The Court warned Plaintiff it would utilize dismissal as a sanction.

Having determined the above factors favor the imposition of sanctions upon Plaintiff, the Court must now consider the final two factors and whether they support dismissal as a sanction. *See Drevaleva*, 2022 WL 2662081, at *4.

The fourth factor, whether the Court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance, favors dismissal. During the Court's December 19, 2023, proceeding as reflected in the subsequent minute order, the Court specifically admonished Plaintiff that "[t]he Court cautions that it is not inclined to extend the stay or provide more time for compliance with this order granting the motion to compel." [Doc. No. 45 at 1]. The Court also stated, "If Plaintiff has not complied by [April 2, 2024], the Court will entertain a motion for sanctions to include dismissal of this action, which may operate as a dismissal with prejudice given this is a refiling." [*Id.*]. Accordingly, Plaintiff had notice that the Court would not give Plaintiff more time to comply with the Order and would likely dismiss the case. *See Ellis-Hall Consultants, LLC*, 2022 WL 3972093, at *6 (concluding district court had given the plaintiffs fair warning by instructing dismissal was a possible sanction).

### E. Lesser sanctions would only further delay the case.

Lastly, the Court must consider the efficacy of lesser sanctions. As a preliminary matter, the Court notes Plaintiff has not cited any lesser sanctions that would be appropriate in this instance. [*See* Doc. No. 50]. Although the Court prefers to address claims on their merits, the Court cannot ignore Plaintiff's repeated failure to comply with his discovery obligations. Plaintiff has had multiple chances to respond and supplement

11

his discovery responses: (1) in Plaintiff's March 17, 2023 responses to Defendants' first discovery requests; (2) in Plaintiff's amended responses provided on July 12, 2023; (3) in response to Defendants' repeated attempts to confer with Plaintiff regarding the medical authorization and medical records and bills; and (4) in response to the Court's Order, which stayed the case and granted Plaintiff 105 days to comply. [*See* Doc. No. 49 ¶¶ 9–14; Doc. No. 45 at 1]. The Court concludes that, considering the amount of time and opportunities Plaintiff has had to comply with his discovery obligations, including the stay previously provided by the Court, sanctions lesser than dismissal would not be effective. *See, e.g.*, *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011) (affirming district court's finding that lesser sanctions would not be effective when "Plaintiffs in this case were given no fewer than three chances to make good their discovery obligation"). Because the Court previously warned Plaintiff it would dismiss his claims without prejudice, the Court will grant the lesser sanction of dismissal without prejudice. As priorly admonished, the dismissal may operate as a dismissal with prejudice due to the fact Plaintiff previously voluntarily dismissed these same claims.[5] Because Plaintiff has not presented any arguments regarding the prejudicial effect of a dismissal without prejudice, the Court does not address the prejudicial effects.

---

[5] Dismissal without prejudice may also operate as a dismissal with prejudice due to statute of limitations issues. However, the Court does not address the potential prejudicial effect because Plaintiff has not raised it in his Response. [*See* Doc. No. 50].

## IV. CONCLUSION

For the reasons above, the Court grants in part and denies in part Defendants' Motion for Sanctions. The Court grants the Motion to the extent it requests dismissal and denies the Motion to the extent it requests dismissal with prejudice. The Court orders that Plaintiff's claims are dismissed without prejudice. A separate judgment will follow.

IT IS SO ORDERED this 13th day of February 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE