## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KYLE GULLEY, as next of kin and on behalf of the Estate of Melissa Bowman, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-22-01005-JD |
| AMERICAN WIND TRANSPORT GROUP, LLC, a Pennsylvania Limited Liability Company; and LARRY BELLAH, an individual, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Before the Court is Plaintiff Kyle Gulley's ("Plaintiff") Motion to Reinstate Case, Set Aside Dismissal, and Set Docket Control Order ("Motion"). [Doc. No. 56]. Defendants American Wind Transport Group, LLC and Larry Bellah (collectively "Defendants") filed a Response in opposition ("Response"). [Doc. No. 61]. For the reasons outlined below, the Court denies the Motion.

## I.    BACKGROUND

This case originated in state court, and Defendants removed to this Court. [Doc. No. 1]. Plaintiff filed this action on behalf of the Estate of Melissa Bowman ("Bowman"), who allegedly sustained injuries in a collision that is the basis for this case. [Doc. No. 1-1 ¶¶ 1–2, 15]. Bowman is now deceased. [*Id.* ¶ 2; *see also* Doc. No. 49 ¶ 6]. Before Plaintiff filed this case, he initiated a prior lawsuit in this Court. *Gulley v. Am. Wind Transp. Group, et al.*, Case No. 5:22-cv-00727-JD. Plaintiff voluntarily

dismissed that case in response to an Order to Show Cause why the Court should not dismiss the case for lack of subject matter jurisdiction. *See id.*

On February 15, 2023, Defendants issued their first discovery requests to Plaintiff. [Doc. No. 49 ¶ 9]. On March 17, 2023, Plaintiff responded to those requests. [*Id.* ¶ 10]. Defendant American Wind requested supplementation of Plaintiff's responses on April 6, 2023. [*Id.*]. Plaintiff provided amended responses. [*Id.* ¶ 11]. Over the following months, Defendants made ongoing requests for Plaintiff to supplement his responses, most of which pertained to medical bills and records of Bowman that Defendants could not obtain without authorization from Bowman's estate. [*Id.* ¶¶ 11–13].

On September 11, 2023, Defendants filed a Motion to Compel, requesting answers and supplemental responses to Interrogatory No. 14 and Requests for Production Nos. 10, 17–19, 21, 24–26, and 29. [Doc. No. 27 at 1, 6]; *see also* Fed. R. Civ. P. 37(a)(3). The Court ordered the parties to confer [Doc. No. 28], and during the parties' conference, Plaintiff's counsel indicated he could not produce medical records because neither an estate nor a legal representative for the estate existed. [Doc. No. 49 ¶ 13]. Thus, Plaintiff's counsel could not obtain medical records without a legal representative of the estate to sign an authorization. [*See id.* ¶¶ 12–13]. On October 5, 2023, Defendants filed a Motion to Stay. [Doc. No. 36]. Defendants requested a stay to allow Bowman's estate to be formed and a representative appointed so that an authorization of medical records could be provided to Defendants to allow Defendants to obtain Bowman's medical records. [*Id.* ¶ 4].

On December 19, 2023, the Court held a Telephonic Status Conference. [Doc. No. 45]. Counsel for Plaintiff and Defendants were present. [*Id.* at 1]. The Court granted Defendants' Motion to Compel, struck the scheduling order, granted Defendants' Motion to Stay for ninety days from the date of the conference, and struck Defendants' previously filed Motions for Summary Judgment and to Exclude or Limit Testimony. [*Id.*]. The Court stayed the case until March 18, 2024, and granted Plaintiff until April 2, 2024, to comply with the Court's Order granting Defendants' Motion to Compel.[1] [*Id.*]. The Court specifically instructed that if Plaintiff did not comply with the Court's Order by April 2, 2024, the Court would "entertain a motion for sanctions to include dismissal of this action, which may operate as a dismissal with prejudice given this is a refiling." [*Id.*]. The Court further instructed "it is not inclined to extend the stay or provide more time for compliance with this order granting the motion to compel." [*Id.*].

On April 12, 2024, Defendants filed the Motion for Sanctions, indicating Plaintiff has not supplemented or responded to Interrogatory No. 14 or to Requests for Production Nos. 10, 17–19, 21, 24–26, and 29 and has not produced Bowman's medical bills or records. [Doc. No. 49 ¶¶ 17, 24]. Defendants requested that the Court dismiss Plaintiff's claims as a sanction for Plaintiff's failure to comply with the Court's Order. [*Id.* at 7–14].

In response, Plaintiff's counsel filed a Declaration of Michael P. Green Re: Status and Motion for Sanctions. [Doc. No. 50]. The Declaration stated that, during the stay, Plaintiff's counsel found a representative for Bowman's estate, who initiated probate. [*Id.*

---

[1] Hereafter, the Court will refer to the Court's order granting Defendants' Motion to Compel as "the Court's Order."

¶ 5]. He also stated that he contacted Defendants' counsel unsuccessfully regarding meeting and conferring about the case and getting the authorization from them to obtain Bowman's medical bills and records. [*Id.*]. The Declaration did not address Defendants' substantive arguments regarding if sanctions are appropriate, other than to state Plaintiff's counsel has made every attempt to comply with the Court's Order. [*Id.* ¶ 8]. Besides Defendants' counsel's alleged failure to respond to Plaintiff's counsel's inquiries, the only explanation proffered for Plaintiff's failure to timely comply with the Court's Order is "the Bowman Family dynamic is what it is." [*Id.*].

The Court granted in part and denied in part Defendants' Motion for Sanctions. [Doc. No. 52]. The Court granted Defendants' request to dismiss the case and denied their request to dismiss the case with prejudice, instead dismissing Plaintiff's claims without prejudice. [*Id.* at 13]. The Court concluded dismissal was an appropriate sanction because Plaintiff's lack of compliance had prejudiced Defendants and interfered with the judicial process, Plaintiff's conduct was the reason for the delay, the Court had warned Plaintiff dismissal was a possible sanction, and lesser sanctions would be ineffective. [*See id.* at 6–12].

Plaintiff then filed the present Motion, asking the Court to reinstate the case and set aside its prior dismissal. [Doc. No. 56]. In Plaintiff's Motion, he asserts that, upon the same day that Plaintiff filed his Declaration in response to Defendants' Motion for Sanctions, Plaintiff received the authorizations for the medical records at issue and the representative of Bowman's estate executed the authorizations. [*Id.* at 3]. According to Plaintiff, upon Defendants' receipt of the executed authorizations, "the whole matter was

resolved at this point." [*Id.*]. Plaintiff moves the Court to set aside the judgment pursuant to Federal Rule of Civil Procedure 60(b)(1), on the basis of "excusable neglect" by Plaintiff's counsel. [*Id.* at 5–6]. The basis of Plaintiff's motion seems to be that Plaintiff was "surprised" by the Court's order granting Defendants' Motion for Sanctions because of Plaintiff's unilateral view that the matter was resolved, as indicated by the following:

> Here, the doctrines of surprise, mistake and inadvertence apply. By providing the requested authorizations, the Motion upon which the Court acted to dismiss Plaintiff's claims was moot. As the Court did not give Notice of an intention to act before it did, Plaintiff's counsel was reasonable in inferring that the Motion was not an issue, especially as he and Defendants were moving forward towards resolution of this matter. This does not mean that Plaintiff's counsel was blameless in failing to inform the Court of his delivery of the authorizations to Defendants, but the Declaration of Plaintiff's Counsel (Docket #50) informing the Court of Ms. Purtee's appointment as Represenattive [sic], and the attached order, clearly shows substantial compliance and raises the issue of mootness to the point where the Order of Dismissal and subsequent dismissal was a surprise.

[*Id.* at 6]. Plaintiff further asserts Defendants would not be prejudiced by reinstating the case, Plaintiff promptly moved for relief, Plaintiff did not improperly delay the case, and Plaintiff acted in good faith. [*Id.* at 6–7].

In Defendants' Response, Defendants argue that Plaintiff has not acted diligently, as demonstrated by Plaintiff's failure to comply with the Court's Order regarding Defendants' Motion to Compel. [Doc. No. 61 at 7]. Defendants also argue that Plaintiff's Motion does not address key points from the Court's order dismissing Plaintiff's claims, including that Plaintiff's Declaration did not respond to the substantive arguments in Defendants' Motion for Sanctions, Plaintiff's delay has prejudiced Defendants, Plaintiff has interfered with the judicial process, Plaintiff's own conduct delayed this case, and

sanctions lesser than dismissal would further delay this case. [*Id.* at 7–9]. Lastly, Defendants argue that Plaintiff's conduct does not constitute excusable neglect. [*Id.* at 9–11].

## II.   <u>ANALYSIS</u>

The Court may relieve a party from final judgment under Federal Rule of Civil Procedure 60(b) in one of the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b)(1)–(6).

Plaintiff moves to set aside the judgment under the grounds outlined in Rule 60(b)(1) for mistake, inadvertence, surprise, or excusable neglect. The Tenth Circuit has defined excusable neglect in the Rule 60(b) context as follows:

> For purposes of Rule 60(b), "excusable neglect" is understood to encompass situations in which failure to comply with a deadline is attributable to negligence. More generally, the ordinary meaning of "neglect" is to give little attention or respect to a matter, or, closer to the point for our purposes, to leave undone or unattended to especially through carelessness. The word therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness.

*Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005) (internal quotation marks, brackets, ellipsis, and citations omitted). "The determination of whether neglect is

excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). When determining whether neglect is excusable thus justifying setting aside a judgment, the Court must consider the following factors: (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Id.*

The Tenth Circuit has also stated that "[j]ustification for relief—in this case, the existence of excusable neglect—is litigated on the merits." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1445 (10th Cir. 1983). The party seeking to establish dismissal was due to excusable neglect "must plead and prove it." *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978). "The opposing party is entitled to present controverting evidence demonstrating the absence of excusable neglect." *Id.*

Plaintiff's argument seems to be that, due to surprise, mistake, or inadvertence, Plaintiff failed to notify the Court that the grounds underlying Defendants' Motion for Sanctions had been resolved when Plaintiff completed the relevant authorizations. [*See* Doc. No. 56 at 6]. Because of Plaintiff's subjective view that the matters underlying Defendants' Motion for Sanctions were moot, Plaintiff states he was "surprised" by the Court's order dismissing his claims. [Doc. No. 56 at 6 (stating that "the Declaration of Plaintiff's Counsel (Docket #50) informing the Court of Ms. Purtee's appointment as Representattive [sic], and the attached order, clearly shows substantial compliance and

raises the issue of mootness to the point where the Order of Dismissal and subsequent dismissal was a surprise")].

Notably, the Court's Order that was the subject of the Motion for Sanctions did not order Plaintiff to secure a legal representative by April 2, 2024. [*See* Doc. No. 45 at 1]. Nor did the Court order Plaintiff to execute the authorizations to secure the medical records by April 2, 2024. [*See id.*]. In fact, the Court ordered Plaintiff to provide adequate answers and responses to Interrogatory No. 14 and Requests for Production Nos. 10, 17–19, 21, 24–26, and 29 by April 2, 2024. [*See* Doc. No. 45 at 1 (ordering Plaintiff to comply with the Court's order granting the Motion to Compel by April 2, 2024)].

The Court stayed the case to allow Plaintiff time to secure a legal representative who could execute the authorizations for the medical records, but ultimately those were only steps Plaintiff had to take in order to provide adequate answers and responses to Defendants' discovery requests. [*See* Doc. No. 36 (requesting a stay so that Plaintiff can form the estate and secure a legal representative)]. Neither Plaintiff counsel's Declaration in Response to the Motion for Sanctions, nor Plaintiff's Motion addresses whether Plaintiff has fully complied with the Court's Order. [*See* Doc. Nos. 50, 56]. In essence, Plaintiff's argument is that, upon partially complying with the Court's Order after the deadline to do so had expired, Plaintiff was surprised the Court sanctioned him by dismissing his case.

### 1. Plaintiff has not met his burden of demonstrating excusable neglect.

Before the Court discusses the factors outlined above, the Court examines whether Plaintiff has met his burden of pleading and proving excusable neglect. *See In re Stone*,

588 F.2d at 1319. Plaintiff's Motion recites each of the factors the Court must consider to determine whether it can set aside the judgment under Rule 60(b)(1). [Doc. No. 56 at 6–7]. However, Plaintiff does not cite evidence to support each factor. The entirety of Plaintiff's position is set out as follows:

1) Defendants would not be prejudiced by restoring the matter to the active roster, and resolving this matter on the merits, as justice on the merits is always the goal;

2) Plaintiff promptly moved for relief within one week of being informed of the Court's action;

3) There was no inappropriate delay on behalf of Plaintiff, but rather a good faith belief that the matters presented by the Motion to Compel had resolved, such that the Court would not take action to Dismiss without Notice; and

4) Given Plaintiff's Counsel's consistent compliance with Court orders in this matter and his consistent response to his obligations before this Court, coupled with the particular facts that gave rise to the Dismissal, as set forth herein, Plaintiff's counsel can clearly be said to have acted in good faith towards Defendant[s] and the Court, and not in any dilatory or lackadaisical way designed to deny justice to the Parties or delay the Court's administration of its affairs.

[*Id.*]. The Court concludes that Plaintiff's conclusory allegations are not sufficient to meet his burden of establishing excusable neglect. *See, e.g., Blough v. Rural Elec. Coop, Inc.*, 689 F. App'x 583, 589 (10th Cir. 2017) (unpublished) (affirming district court's finding that movant did not satisfy its burden of establishing excusable neglect with conclusory statements). As discussed further below, the procedural history of this case controverts Plaintiff's assertions.

**2. The delay in this case has prejudiced Defendants.**

Turning to the first factor, the danger of prejudice to Defendants, the Court finds Defendants would be prejudiced by further delay of this case. Plaintiff offers no reason that Defendants would not be prejudiced. Instead, Plaintiff merely states "Defendants would not be prejudiced by restoring the matter to the active roster, and resolving this matter on the merits, as justice on the merits is always the goal." [Doc. No. 56 at 6]. As discussed in the Court's order dismissing the case, Plaintiff's conduct has already prejudiced Defendants by prohibiting them from preparing their defense and incurring increased costs. [*See* Doc. No. 52 at 6–7]. Accordingly, the Court concludes this factor does not support setting aside the judgment.

**3. Plaintiff's conduct has significantly delayed the case and impacted the schedule.**

The Court now addresses the second factor— the length of the delay and its potential impact on judicial proceedings. Plaintiff states that he did not delay in seeking reconsideration of the Court's order dismissing his case, as he "promptly moved for relief within one week of being informed of the Court's action." [Doc. No. 56 at 6]. Although Plaintiff did not delay in filing the Motion, if Plaintiff believed this matter was resolved since April 18, 2024, not notifying the Court of that belief until now is a significant delay. [*See id.* at 3 (describing that Plaintiff executed the authorizations on April 18, 2024)].

When considering the length of delay the Court does not only consider if the movant delayed in filing the Rule 60(b) motion. The Court also must consider the delay

that led to the Court's dismissal of this case as a sanction. *See, e.g.*, *Blough*, 689 F. App'x at 589 (discussing the movant's delay in responding to an underlying motion to dismiss and failure to file a motion for extension of time). The Court, therefore, considers the length of delay caused by Plaintiff's failure to comply with Defendants' discovery requests and the Court's Order pertaining to those requests.

As outlined in the Court's order dismissing this case, Plaintiff's conduct significantly delayed the case before the Court dismissed Plaintiff's claims. [Doc. No. 52 at 6–7]. Plaintiff's delay in complying with Defendants' discovery requests has been well-documented in this case. [*See* Doc. Nos. 27, 36, 52]. Defendants issued the discovery requests at issue on February 15, 2023. [Doc. No. 49 ¶ 9]. After ongoing communications with Plaintiff regarding supplementation of his discovery responses and the need for authorizations to access Bowman's medical records, Defendants ultimately filed a Motion to Compel on September 11, 2023. [Doc. No. 27]. Defendants then moved to stay the case on October 5, 2023, because Bowman's estate lacked a legal representative. [Doc. No. 36]. The Court stayed this case and ordered Plaintiff to comply with Defendants' discovery requests by April 2, 2024. [Doc. No. 45 at 1]. Discovery was originally set to close on December 7, 2023, with trial scheduled for April 2024. [Doc. No. 23 at 2].

Even after staying the case for ninety days in order for Plaintiff to secure a legal representative and respond to Defendants' discovery requests, Plaintiff still failed to comply with the Court's Order and did not provide adequate answers and responses to Interrogatory No. 14 and Requests for Production Nos. 10, 17–19, 21, 24–26, and 29 by

April 2, 2024. [*See* Doc. No. 45 at 1 (ordering Plaintiff to comply with the Court's order granting the Motion to Compel by April 2, 2024)].

Accordingly, the length of delay caused by Plaintiff's failure to comply with Defendants' discovery requests and the Court's Order pertaining to those requests, in addition to the disruption that delay had upon the schedule in this case, weighs against setting aside the judgment.

### 4. Plaintiff's carelessness is the cause of the delay in this case.

The Court next considers the third factor—the reason for the delay. In this instance, the main delay with which the Court is concerned is Plaintiff's failure to comply with the Court's Order that is the subject of Defendants' Motion for Sanctions. In his Declaration in response to Defendants' Motion for Sanctions, Plaintiff's counsel outlines his actions during the stay. [Doc. No. 50 at 1–2]. He states he had trouble securing a legal representative for the estate, and once he did so, the legal representative initiated probate of Bowman's estate on March 22, 2024. [*Id.* at 2]. Plaintiff's counsel states he emailed and called Defendants' counsel regarding obtaining the authorizations for the medical records. [*Id.*]. Defendants' counsel, however, disputes that Plaintiff's counsel called him at all, after conducting a search of counsel's call log and voicemails. [Doc. No. 49 ¶ 22]. Defendants do state they found a single email, dated March 22, 2024, that the firm's spam software had shielded from counsel's view. [*Id.* ¶ 23]. Accordingly, the uncontroverted evidence demonstrates Plaintiff's counsel emailed Defendants' counsel one time to secure the authorizations for the medical records. Plaintiff does not address whether he was able to secure the authorizations in another way or why he did not more

diligently attempt to secure them from Defendants. Nor does Plaintiff identify why he did not provide adequate answers and responses to Interrogatory No. 14 and Requests for Production Nos. 10, 17–19, 21, 24–26, and 29 by April 2, 2024, in accordance with the Court's Order.

The Court concludes Plaintiff has not offered a reason, other than his own carelessness, demonstrating why Plaintiff did not timely comply with the Court's Order. *See, e.g.*, *Carr v. Remington Arms Co., LLC*, No. CIV-16-1153-SLP, 2019 WL 13073641, at *5 (W.D. Okla. Feb. 22, 2019), *aff'd*, *Carr v. Remington Arms Co., LLC*, No. 19-6046, 2021 WL 4520050 (10th Cir. Oct. 4, 2021) (finding the movant's own fault in failing to monitor proceedings as the biggest factor in favor of dismissal and stating that "[w]hen a party is warned by the Court of a deadline by which it must act to preserve its case and it fails to perform any guard against missing the event—which is a matter of public record—triggering the required action, the neglect is not excusable"). "There is simply nothing which offends justice about the denial of a motion to set aside a . . . judgment where the moving party, through counsel, has failed to comply with the procedural rules of the court." *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1147 (10th Cir. 1990). Accordingly, the Court finds that this factor weighs against setting aside the judgment.

### 5.  The evidence does not demonstrate Plaintiff acted in good faith.

The Court now considers the fourth factor, whether Plaintiff acted in good faith. In support of this factor, Plaintiff states "[t]here was no inappropriate delay on behalf of Plaintiff, but rather a good faith belief that the matters presented by the Motion to

Compel had resolved, such that the Court would not take action to Dismiss without Notice." [Doc. No. 56 at 6]. The Court finds that the objective facts of the case do not support that Plaintiff's "belief that the matters presented by the Motion to Compel had resolved" was in good faith. [*Id.*]. Plaintiff states he provided Defendants with the completed medical authorizations on April 18, 2024. [*Id.* at 3]. However, on April 25, 2024, Defendants filed their reply in support of their Motion for Sanctions. [Doc. No. 51]. Defendants' reply, reaffirming their request for sanctions, clearly belies Plaintiff's subjective belief the matter was resolved. [*See id.*]. Nor does Plaintiff assert that Defendants represented the matter was resolved or that Defendants agree to withdraw their Motion for Sanctions. Accordingly, any belief by Plaintiff that the Motion for Sanctions was resolved was not in good faith.

Plaintiff also cites his counsel's "consistent compliance with Court orders" as evidence of his good faith. [Doc. No. 56 at 7]. As the Court has outlined herein, Plaintiff has not complied with the Court's orders, specifically the Court's Order granting Defendants' Motion to Compel and requiring Plaintiff to provide adequate answers and responses to Interrogatory No. 14 and Requests for Production Nos. 10, 17–19, 21, 24–26, and 29 by April 2, 2024. [Doc. No. 45 at 1].

Accordingly, the Court concludes this factor also does not support setting aside the judgment.

## III.    **CONCLUSION**

For the reasons outlined above, the Court denies Plaintiff's Motion to Reinstate the Case, Set Aside Dismissal, and Set Docket Control Order. [Doc. No. 56]. Plaintiff

shall file within 14 days any responses to the pending Motion for Costs [Doc. No. 59] and Motion for Attorney Fees [Doc. No. 60].[2] Any responses by Plaintiff to the motions shall include a certificate of conference, indicating all attempts by Plaintiff's counsel to negotiate and reach a resolution with Defendants' counsel on the pending motions [Doc. Nos. 59 and 60] and eliminate further motion practice before this Court. Any replies by Defendants shall be due as outlined under Local Civil Rule 7.1(h) and shall likewise include a certificate of conference outlining Defendants' efforts to resolve the motions after receipt and review of any responses to the motions by Plaintiff.

IT IS SO ORDERED this 2nd day of May 2025.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[2] The Court may deem the motions confessed if Plaintiff fails to timely respond. *See* LCvR7.1(g).